FILED IN OPEN COURT
5/11/2016
CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

JUSTIN G. PENNINGTON
a/k/a David Anderson

CASE NO. 3:16-cr-61-J-39MCR
Ct. 1: 18 U.S.C. § 1349
Cts. 2-11: 18 U.S.C. §§ 1343 and 2
Forfeiture: 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)

**INDICTMENT**

The Grand Jury charges:

**COUNT ONE**
**CONSPIRACY TO COMMIT WIRE FRAUD**

**A. Introduction**

At times material hereto:

**THE DEFENDANT**

1. JUSTIN G. PENNINGTON (PENNINGTON) was a resident of Ft. Wayne, Indiana and St. Johns County, Florida. During approximately the first half of the conspiracy, PENNINGTON was employed as the Manager of Information Technology (IT) for The Wholesale House. During the course of the conspiracy, PENNINGTON stopped being an employee of The Wholesale House and became a contractor to The Wholesale House. PENNINGTON was primarily responsible

for the day-to-day operations of the business 3 Kings used by the conspirators to carry out their fraudulent scheme.

2. Marcelene M. Keesbury (Keesbury) was a resident of Lake Hamilton, Indiana, and was the President of The Wholesale House, Inc. (The Wholesale House) and held powers of attorney for the sole shareholders of The Wholesale House.

3. Charles M. French (French) was a resident of Lake Hamilton, Indiana, and was the Vice-President of The Wholesale House.

**BACKGROUND**

4. The Wholesale House is a business headquartered in Hicksville, Ohio, which sells consumer electronics nationwide to both "brick and mortar stores" as well as internet based stores. The Wholesale House maintains a warehouse in Jacksonville, Florida, and the owners of The Wholesale House reside in the greater Jacksonville, Florida, area. In the normal course of business, The Wholesale House would offer different pricing discounts to customers of The Wholesale House, based upon factors such as the volume of product purchased by the customer and the length of time the customer had been purchasing products from The Wholesale House.

5. The defendant, along with his co-conspirators, operated an internet business identified as 3 Kings Audio, LLC, 3 Kings Group, LLC, and 3 Kings Sales, LLC (collectively referred to as 3 Kings). The defendant, along with his co-conspirators, fraudulently concealed their ownership interests in 3 Kings and

used the business to purchase products sold by The Wholesale House, which 3 Kings would then re-sell by advertisements on the internet.

**B. <u>The Conspiracy</u>**

From approximately the second half of 2010 and continuing thereafter through in or about March, 2014, in Jacksonville and St. Johns County, within the Middle District of Florida; Hamilton Lake, Indiana; Hicksville, Ohio; and elsewhere,

JUSTIN G. PENNINGTON,
a/k/a David Anderson,

the defendant herein, along with his co-conspirators, did knowingly and willfully combine, conspire, confederate and agree with each other to execute and attempt to execute a scheme and artifice to defraud, and to obtain money and property by means of material false and fraudulent pretenses, representations, and promises, by transmitting and causing to be transmitted by means of wire communications in interstate commerce, writings, signs, visual pictures, and sounds, for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

**C. <u>Manner and Means of the Conspiracy</u>**

1. It was a part of the conspiracy that the defendant, along with his co-conspirators, would, based upon the fact that the defendants were high level employees of The Wholesale House, agree to open a business, referred to as 3 Kings, which they used as a vehicle to purchase products from The Wholesale House.

2. It was further a part of the conspiracy that the defendant, along with his co-conspirators, would hide and conceal their interest in 3 Kings and use 3 Kings to purchase products from the owners of The Wholesale House, other employees of The Wholesale House, and customers of The Wholesale House.

3. It was further a part of the conspiracy that PENNINGTON would assume primary responsibility for the day-to-day operations of 3 Kings.

4. It was further a part of the conspiracy that French would ensure that he personally handled and controlled all aspects of sales to 3 Kings from The Wholesale House, to the exclusion of other salespersons at The Wholesale House.

5. It was further a part of the conspiracy that Keesbury and French would take actions to grant 3 Kings substantial pricing discounts on products 3 Kings would purchase from The Wholesale House.

6. It was further a part of the conspiracy that the defendant, along with his co-conspirators, would use the substantial pricing discounts they secretly secured from The Wholesale House to enable 3 Kings to undercut retail competitors, including other customers of The Wholesale House.

7. It was further a part of the conspiracy that Keesbury would fraudulently use the powers-of-attorney she held as President of The Wholesale House, granted to her by the two owners of The Wholesale House, to increase the line-of-credit The Wholesale House held at its financial institution in order to mask

the fact that 3 Kings failed to timely and/or completely pay 3 King's debt to The Wholesale House.

8. It was further a part of the conspiracy that PENNINGTON would, using the benefit of the reduced price Keesbury and French caused The Wholesale House to sell its products to 3 Kings, sell products using the internet at prices below the prices other customers of The Wholesale House could sell the same products, and therefore, undercut its competitors.

9. It was further a part of the conspiracy that PENNINGTON would periodically make electronic funds transfers of proceeds of the scheme to each of the conspirators, totaling more than $1 million to each conspirator, from financial institutions, including one located in Jacksonville, Florida.

10. It was further a part of the conspiracy that Keesbury and French would cause The Wholesale House to use its assets to ship products to customers of 3 Kings.

11. It was further a part of the conspiracy that PENNINGTON would, using the fictitious identity "David Anderson," send email messages allegedly from David Anderson to himself, to French and billing personnel within The Wholesale House, all in an effort to perpetuate the scheme to defraud.

12. It was further a part of the conspiracy that the defendant, along with his co-conspirators, would make false and misleading statements to the owners of The Wholesale House regarding the reason that 3 Kings was receiving deep

discounts favoring 3 Kings to the detriment of other long-time customers of The Wholesale House.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO THROUGH ELEVEN
## (WIRE FRAUD)

### A. Introduction

Part A of Count One of this Indictment is realleged and incorporated by reference as if fully set forth herein.

### B. Scheme and Artifice

From mid-2010 and continuing thereafter through in or about March, 2014, in Jacksonville and St. Johns County, within the Middle District of Florida; Hamilton, Indiana; and elsewhere,

JUSTIN G. PENNINGTON,
a/k/a David Anderson,

the defendant herein, did knowingly and willfully devise and participate in, and intend to devise and participate in, a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises.

C. **Manner and Means**

Part C of Count One of this Indictment is realleged and incorporated by reference as if fully set forth herein.

D. **Execution**

On or about the dates set forth below, in Jacksonville and St. Johns County, within the Middle District of Florida; Hamilton, Indiana; and elsewhere,

JUSTIN G. PENNINGTON,
a/k/a David Anderson,

| Count | Date | Item Wired | Originator | Beneficiary | Amt/Content |
|---|---|---|---|---|---|
| TWO | 1/31/2012 | Email | Mick French<br>Mickfrench@twhouse.com | Justin Pennington<br>jpennington@twhouse.com | "Justin, You are the man! Thanks!! Are you having a tax service do the year end stuff? If not, I think you should. You have enough things to deal with. I am happy to pay for it myself..." Mick |
| THREE | 3/02/2012 | Email | Justin Pennington<br>jpennington@twhouse.com | Amy Stark<br>astark@twhouse.com | Forwarded email to Amy with no content other than forwarded email from David Anderson (david@3kingsaudio.com) to Justin Pennington about a 3 Kings shipping issue that David Anderson is asking Justin Pennington to check into. |
| FOUR | 12/04/2012 | Funds Transfer | 3 Kings Sales LLC<br>A/C #147974213<br>BB&T<br>625 SR AIA North<br>Ponte Vedra Bch, FL 32082<br>ACH Center in Wilson NC | Marcelene M Keesbury<br>JPMorgan Chase<br># 125698230 | $51,000.00 |

| | | | | | |
|---|---|---|---|---|---|
| **FIVE** | 12/04/2012 | Funds Transfer | 3 Kings Sales LLC<br>A/C #147974213<br>BB&T<br>625 SR AIA North<br>Ponte Vedra Bch, FL 32082<br>ACH Center in Wilson NC | C. Michael French<br>A/C # 125203610<br>JPMorgan<br>Chase-Northwood Branch<br>6225 Stellhorn Road<br>Fort Wayne, IN 46815 | $51,000.00 |
| **SIX** | 03/12/2013 | Funds Transfer | 3 Kings Sales LLC<br>A/C #147974213<br>BB&T<br>625 SR AIA North<br>Ponte Vedra Bch, FL 32082<br>ACH Center in Wilson NC | Marcelene M Keesbury<br>JPMorgan Chase<br># 125698230 | $81,500.00 |
| **SEVEN** | 03/12/2013 | Funds Transfer | 3 Kings Sales LLC<br>A/C #147974213<br>BB&T<br>625 SR AIA North<br>Ponte Vedra Bch, FL 32082<br>ACH Center in Wilson NC | C. Michael French<br>A/C # 125203610<br>JPMorgan<br>Chase-Northwood Branch<br>6225 Stellhorn Road<br>Fort Wayne, IN 46815 | $81,500.00 |
| **EIGHT** | 11/12/2013 | Funds Transfer | 3 Kings Sales LLC<br>A/C #147974213<br>BB&T<br>3653 Regent Blvd, Ste 507<br>Jacksonville, FL 32224 | Justin Pennington<br>A/C #886293976<br>JPMorgan Chase Bank<br>Indianapolis, IN | $160,000.00 |
| **NINE** | 12/16/2013 | Funds Transfer | 3 Kings Sales LLC<br>A/C #147974213<br>BB&T<br>3653 Regent Blvd, Ste 507<br>Jacksonville, FL 32224 | Justin Pennington<br>A/C #886293976<br>JPMorgan Chase Bank<br>Indianapolis, IN | $50,000.00 |
| **TEN** | 01/27/2014 | Funds Transfer | 3 Kings Sales LLC<br>A/C #147974213<br>BB&T<br>3653 Regent Blvd, Ste 507<br>Jacksonville, FL 32224 | Justin Pennington<br>A/C #886293976<br>JPMorgan Chase Bank<br>Indianapolis, IN | $25,000.00 |
| **ELEVEN** | 02/03/2014 | Funds Transfer | 3 Kings Sales LLC<br>A/C #147974213<br>BB&T<br>3653 Regent Blvd, Ste 507<br>Jacksonville, FL 32224 | The Wholesale House<br>A/C #5120004085<br>First Federal Bank of the Midwest<br>Defiance, OH | $50,000.00 |

for the purpose of executing such scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, caused to be transmitted by wire in interstate commerce the following electronic funds transfers or electronic mail (email) transmissions as indicated:

In violation of Title 18, United States Code, Sections 1343 and 2.

**FORFEITURE**

1. The allegations contained in Counts One through Eleven of this Indictment are incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of a violation of Title 18, United States Code, Sections 1349 and/or 1343, the defendants,

JUSTIN G. PENNINGTON,
a/k/a David Anderson,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3. The property to be forfeited includes, but is not limited to, the following:

a. Miscellaneous jewelry purchased by Justin Pennington from

Omega Jewelers in November and December of 2013, consisting of:

    1. SP Dark Side, Moon Black Ceramic watch; and

    2. Deville Hour Vision Stainless Steel Black Silver Deluxe watch;

b. Miscellaneous jewelry purchased by Justin Pennington from Mayors Jewelers from August 2013 through February 2014, consisting of:

    1. Rolex Submariner watch, 40MM, stainless steel, 18 carat yellow gold watch, model number 116613;

    2. Rolex GMT-Master I watch, 40 M;

    3. .23 carat weight, 18 karat gold, 5 diamond necklace;

    4. 1.10 carat weight diamond necklace; and Manhattan watch (white face);

    5. Rolex GMT-Master II watch, 40 M, stainless steel and single Roadster watch box; and

    6. Rolex Daytona watch, white dial with oyster, 40 MM, stainless steel;

c. Miscellaneous jewelry purchased by Justin Pennington from Tourneau and TWC Michigan Avenue from April 2013 through January 2014, consisting of:

    1. Rolex Submariner watch, black and silver dial with oyster links, two layer bezel, stainless steel, model number 116610; and

    2. Rolex Yacht-Master watch, white dial with oyster links, steel & yellow gold, model number 166233;

d. Miscellaneous jewelry purchased by Justin Pennington from

American Wempe Corporation on September 6, 2013, consisting of:

1. Breitling GMT Blacksteel, 47 MM, stainless steel, BL300090-08765, individual number 4007998; and

2. Diamond ring, 18 k yellow/white gold, 40RG0962;

e. Jewelry purchased by Justin Pennington from David Yurman Orlando, consisting of a 30mm bracelet with a single loop diamond;

f. Miscellaneous jewelry purchased by Justin Pennington from Sterling Jewelers, Inc. August 2012 through December 2013, consisting of:

1. Tag Heuer Formula 1 ladies watch, style WAH1313.BA0868;

2. 14K2 two-tone white and yellow gold, Linear Collection diamond Crossover Bangle bracelet, style #BAO28918N3TT;

3. Tag Heuer Aqua Racer men's watch, style WAK2110.BA0830;

4. 14 karat yellow gold Levian diamond pendant necklace, 18 inch, style Y00Q1;

5. Tag Heuer Aqua Racer men's watch, style CAK2111.BA0833;

g. Miscellaneous jewelry purchased by Pennington from Links of London on 10/19/2013, consisting of:

1. One (1) Essential Infinite Bangle bracelet – 18 carat rose gold and two (2) Essential Infinite Bangle bracelet(s) – 18 carat gold;

h. Glock pistol firearm, Model 22 NS, .40 caliber, serial number TLN092 purchased by Pennington from the Gun Gallery on

April 3, 2013; and

 i. $12,061.32 in an account at Florida Prepaid College Board invested by Pennington from April 16, 2013 through August 20, 2014.

4. If any of the property described above, as a result of any act or omission of the defendant:

 a. cannot be located upon the exercise of due diligence;

 b. has been transferred or sold to, or deposited with, a third party;

 c. has been placed beyond the jurisdiction of the court;

 d. has been substantially diminished in value; or

 e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL,

Foreperson

A. LEE BENTLEY, III
United States Attorney

By: MARK B. DEVEREAUX
Assistant United States Attorney

By: MAC D. HEAVENER, III
Assistant United States Attorney
Deputy Chief, Jacksonville Division

FORM OBD-34
APR 1991

No.

**UNITED STATES DISTRICT COURT**
Middle District of Florida
Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

JUSTIN G. PENNINGTON,
a/k/a David Anderson,

**INDICTMENT**

Violations: 18 U.S.C. § 1349 and 18 U.S.C. § § 1343 and 2

A true bill,

Angie Wright
Foreperson

Filed in open court this 11th day

of May, 2016.

Megan D Chaddock
Deputy Clerk

Bail $____________

GPO 863 525